**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| **GABRIELLA BROOKS**<br>2401 Normandy Square Place<br>Apt. D<br>Silver Spring, Maryland 20906<br>*Resident of Montgomery County*<br><br>     Plaintiff,<br><br>***Individually and on Behalf of All***<br>***Similarly Situated Employees***<br><br>v.<br><br>**STEVENSON UNIVERSITY, INC.**<br>1525 Greenspring Valley Road<br>Stevenson, Maryland 21153<br><br>Serve: Sue B. Kenney<br>     1525 Greenspring Valley Road<br>     Stevenson, Maryland 21153<br><br>     Defendant. | <u>Jury Trial Requested</u><br><br><br><br>Collective/Class Action Claims<br><br><br><br>Civil Action No.: |

## COLLECTIVE AND CLASS COMPLAINT FOR WAGES OWED

GABRIELLA BROOKS, Plaintiff, by and through her undersigned counsel and The Law

Offices of Peter T. Nicholl, on behalf of herself and all others similarly situated, hereby submits

her Complaint against STEVENSON UNIVERSITY, INC., Defendant, to recover unpaid wages,

liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the

Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter,

"FLSA"); unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under

Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* (hereinafter,

"MWHL"); and unpaid wages, interest, treble damages, reasonable attorneys' fees and costs under

the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., §§ 3-501, *et seq*. (hereinafter, "MWPCL") and in support thereof, states as follows:

<u>**INTRODUCTION AND BACKGROUND**</u>

Stevenson University, Inc. (hereinafter, "Stevenson" and/or "Defendant") is a private higher-learning institution in Maryland. As part of its curriculum, Defendant offers various employment opportunities to students in its graduate and undergraduate programs.

While Plaintiff was an undergraduate student, she was employed as a receptionist for the university. Many other students in Defendant's undergraduate or graduate programs held similar administrative positions (collectively, "Administrative Student Assistants"). Plaintiff and other Administrative Student Assistants were assigned to various offices on Defendant's campuses. Their duties were aligned with the day-to-day activities at Stevenson. Their daily tasks centered on routine office work.

Defendant also offers work to its students that consists of assisting with the university's twenty-seven (27) athletic teams. These students are given the title of Team Manager, Graduate Assistant and/or Assistant Coach (collectively, "Athletic Student Assistants"). While Plaintiff was a graduate student, she was employed by Defendant as an Athletic Student Assistant; she worked as a Graduate Assistant for the women's lacrosse team. Plaintiff and other Athletic Student Assistants were required to assist Stevenson's athletic teams in any way necessary. They were responsible for a variety of duties, including preparing the fields, gathering equipment and attending practices and games.

Plaintiff and other Administrative Student Assistants and Athletic Student Assistants (collectively, "Student Assistants") consistently worked more hours than they were scheduled to work. They routinely worked thirty (30) to forty (40) hours each week. There were times when

they worked even more. Regardless of how many hours they worked, Defendant had a strict policy of only permitting its Student Assistants to report working a limited number of hours on their time-sheets each week. The weekly number of hours they were permitted to record was typically between ten (10) and twenty (20). Defendant strictly prohibited its student employees from reporting working beyond the capped number of weekly hours designated for their particular position.

Due to their heavy workload, Plaintiff and other Student Assistants had no choice but to work hours outside of their schedules. They had to regularly perform duties prior to when their shifts were supposed to begin and after they were supposed to end.

Plaintiff and many other Student Assistants were harmed by Defendant only paying them for the hours they were scheduled to work. They failed to receive the minimum wage for multiple hours of work. Due to having to underreport their hours, they also failed to receive overtime wages. Through these practices, Defendant evaded the payment of wages owed to Plaintiff and its other student workers. This directly contravenes the standards set forth by the FLSA, MWHL and the MWPCL.

## THE PARTIES

1.      Plaintiff Gabriella Brooks (hereinafter, "Plaintiff") is an adult resident of Montgomery County, Maryland.

2.      Defendant Stevenson University, Inc. (hereinafter, "Defendant" and/or "Stevenson") is a private higher-learning institution.[1]

---

[1] Any reference to Defendant shall include its corporate officers and all those empowered to act as agents of the corporation, either explicitly or implicitly, or who are designated as agents under the doctrine of apparent agency. To the extent individual agents are responsible for any actions alleged in this Complaint, they are hereby incorporated by reference within the term "Defendant."

3.      Defendant's principal office is in Baltimore County, Maryland.

4.      Defendant maintains campuses in Greenspring Valley, Maryland and Owings Mills, Maryland.

5.      Due to the nature of its business, Defendant is subject to the FLSA, MWHL and the MWPCL.

6.      Defendant is subject to the FLSA, MWHL and the MWPCL based on its annual revenues; Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

7.      Plaintiff worked for Defendant who, at all times throughout Plaintiff's employment, fell within the definition of the term "employer" under the FLSA, 29 U.S.C. § 203(d), MWHL, § 3-401(b) and the MWPCL, § 3-501(b).

8.      At all times relevant to this Complaint, Plaintiff engaged in interstate commerce based on the duties she performed as part of her employment with Defendant.

9.      From 2015 to 2017, while pursuing her undergraduate degree, Plaintiff worked for Defendant as a Team Manager for the women's lacrosse team. During this period, she was contemporaneously employed as a receptionist for Defendant.

10.     While in graduate school, from August 2017 to February 2019, Plaintiff worked as a Graduate Assistant for Defendant's women's lacrosse team.

11.     At all times relevant, Plaintiff and others similarly situated worked as non-exempt employees for Defendant.

12.     The duties assigned to Plaintiff and all others similarly situated do not satisfy any of the exemptions tests specified in the FLSA, MWHL, or the MWPCL.

13.     At all times relevant to this Complaint, Defendant controlled the administration of its business and set employee schedules, including those of Plaintiff and its other student employees.

14.     Defendant's agents were, individually and together, actively engaged in the management and direction of Plaintiff and its other student workers.

15.     Defendant possessed and exercised the authority to determine the hours worked by Plaintiff and others similarly situated.

16.     Defendant had the authority to control Plaintiff's tasks and the tasks of its other graduate and undergraduate student employees.

17.     Defendant had and exercised the power and authority to change the course of Plaintiff's and other similarly situated employees' duties.

18.     Plaintiff and members of the putative classes recognized Defendant's authority and obeyed Defendant's instructions.

19.     Defendant made all decisions relating to Plaintiff's and its other student employees' rates and methods of pay.

## **JURISDICTION AND VENUE**

20.     Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*.  This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, as this matter presents a federal question.

21.     Discretionary supplemental jurisdiction of Plaintiff's Maryland state law claims is provided by 28 U.S.C. § 1367(a); the state law claims form part of the same case or controversy and derive from a common nucleus of operative facts, on which Plaintiff's federal claims are based.

22.     Furthermore, no reasons exist that would force this Honorable Court to decline jurisdiction; the state law claims (i) do not raise novel or complex issues of state law, (ii) do not substantially predominate the claims over which this Honorable Court has original jurisdiction and (iii) no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. 1367(c).

23.     Pursuant to 28 U.S.C. § 1391(b), venue is appropriate; the unlawful acts central to this matter occurred primarily within the State of Maryland.

24.     This Honorable Court has personal jurisdiction over Defendant; Defendant is incorporated under the laws of Maryland and conducts sufficient business within the forum state so as to constitute a submission to its laws.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

25.     Defendant offers multiple employment opportunities for both its graduate and undergraduate students.

26.     From Fall 2015 to Spring 2017, while she was an undergraduate student, Plaintiff worked for Defendant as a receptionist.

27.     Defendant also employed many other students who worked in similar administrative positions (collectively, referred to as "Administrative Student Assistants"). All of these students were enrolled in one of Defendant's graduate or undergraduate programs. They performed their tasks at various administrative offices on Defendant's campuses, as well as the library and bookstore.

28.     While she was employed as an undergraduate student at Stevenson, Plaintiff was paid an hourly rate of approximately eight dollars and twenty-five cents ($8.25) for her work as a

receptionist ("Administrative Student Assistant"). Other student employees in Defendant's undergraduate programs were paid similar hourly rates.

29.　　Defendant also offers employment positions for its twenty-seven (27) athletic teams.

30.　　While she was pursuing her undergraduate degree, Plaintiff was employed as a Team Manager for Stevenson's women's lacrosse team.

31.　　From Fall 2017 to Spring 2018, while obtaining her graduate degree, Plaintiff worked for the same team as a Graduate Assistant.

32.　　Many other graduate and undergraduate students at Stevenson also worked for one of Defendant's sports teams. These students were given the title of Team Manager, Graduate Assistant and/or Assistant Coach (collectively, "Athletic Student Assistants"). Plaintiff and other Athletic Student Assistants were assigned to perform their tasks at Defendant's gymnasium, athletic fields and various athletic offices.

33.　　Regardless of the particular athletics team they were assigned to, or whether they were a graduate or undergraduate student, Plaintiff and other Athletic Student Assistants were all responsible for the same work.

34.　　While an undergrad, Plaintiff was paid an hourly rate of approximately eight dollars and twenty-five cents ($8.25) for her work as Team Manager ("Athletic Student Assistant"). Other Athletic Student Assistants in Defendant's undergraduate programs were paid similar hourly rates.

35.　　While obtaining her graduate degree, Plaintiff received a stipend of four thousand dollars ($4,000.00) each semester for her work as a Graduate Assistant ("Athletic Student

Assistant").[2] This sum was dispersed in regular increments throughout the semester. Defendant's other Athletic Student Assistants were paid similar stipends for their work hours.

36. All of the duties charged to Defendant's Athletic Student Assistants, as well as Administrative Student Assistants (collectively, "Student Assistants"), were basic in nature.

37. To perform their daily tasks, Plaintiff and other Student Assistants did not need specialized training or advanced knowledge.

38. Plaintiff and other Student Assistants did not perform any analysis.

39. Plaintiff and other Student Assistants did not interpret any information.

40. Plaintiff and other Student Assistants did not write substantive reports.

41. Plaintiff and other Student Assistants did not have decision making authority.

42. Plaintiff and other Student Assistants lacked discretion altogether; they had to do exactly what they were told.

43. Plaintiff and other Student Assistants performed their duties to the extent required by Defendant.

44. Plaintiff and other Student Assistants satisfied the requirements of their positions.

45. Plaintiff and other Administrative and Athletic Student Assistants were typically scheduled to work ten (10) to twenty (20) hours each week. The number of hours they were scheduled to work each week was dependent upon the particular position they held. When advertising its potential employment opportunities, Defendant lists the set number of weekly hours attributable to each of its positions.

46. It was Stevenson's policy to only permit its Student Assistants to record the ten (10) to twenty (20) hours of work designated for their particular position on their timesheets each week.

---

[2] This stipend was calculated based on Plaintiff and other Student Assistants being scheduled to work twenty (20) hours each week.

Plaintiff and other Students Assistants were instructed that recording more than the capped number of hours was strictly prohibited. These instructions were given by Stevenson's upper management officials.

47.     Plaintiff and other Student Assistants were also told that failure to comply with this directive could result in adverse employment consequences, including the loss of their jobs. Accordingly, Plaintiff and other Student Assistants did as they were told. They made sure not to record more than the capped number of hours each week designated for their position.

48.     It was routine for Plaintiff and other Student Assistants to work far in excess of the weekly number of hours designated for their position.

49.     Defendant's Administrative Student Assistants were responsible for multiple tasks, the combination of which forced them to consistently work more hours than they were scheduled.

50.     For instance, Plaintiff and Defendant's other Administrative Student Assistants were responsible for large quantities of routine office work, such as faxing, scanning, making copies, data entry and organizing Defendant's folders. Their tasks centered on tending to the needs of Defendant's faculty and staff. Tending to all of these needs caused Plaintiff and other Administrative Student Assistants to consistently work more than their scheduled hours.

51.     Defendant also hosted various educational events that would regularly elongate their workweek. They were required to perform the tasks associated with these events, in addition to their regular workload. The workload delegated to Plaintiff and other Administrative Student Assistants led them to consistently work more hours than they were scheduled.

52.     The same is true for Defendant's Athletic Student Assistants. Plaintiff and other Athletic Student Assistants consistently worked far in excess of the capped number of hours attributable to their position.

53.     For instance, Plaintiff and other Athletic Student Assistants were required to attend every practice and every game. Defendant's sports teams were scheduled to practice approximately six (6) days a week and each practice would last two (2) to three (3) hours. Each game would also last for hours, especially when including the time associated with having to travel to away games. Attending the practices and games alone would cause Plaintiff and other Athletic Student Assistants to work well over the weekly hourly quota for their position.

54.     There were also a host of preliminary and postliminary tasks related to all practices and games. Plaintiff and other Athletic Student Assistants were demanded to arrive prior to the start of each practice and game in order to perform their preliminary duties. At the end of each practice and game, they also could not leave until all of their postliminary duties were complete. These conditions forced them to work in excess of their scheduled hours.

55.     Plaintiff and other Athletic Student Assistants also assisted with recruiting tasks, such as compiling paperwork related to a prospective new player's application and providing campus tours. They were also required to help out with any other tasks demanded by Defendant's coaches, such as running basic errands and doing the team's laundry. The combination of these tasks caused Plaintiff and other Athletic Student Assistants to regularly work well over the capped number of weekly hours attributed to their position.

56.     Plaintiff and other Athletic Student Assistants also served as liaisons between coaches and players. In their capacity as liaisons, they had to ensure they were always available to answer any questions that the coach or a team member may have. This includes periods early in the morning, late in the evening and other times they were not scheduled to work. They had to essentially remain "on-call" at all times throughout their day. Having to always be on-call caused them to regularly work outside of their scheduled hours.

57. The volume of their assignments required Plaintiff and other Athletic Student Assistants, as well as Administrative Student Assistants (collectively, "Student Assistants"), to work excessive hours. Accordingly, even though they were only scheduled to work a maximum of ten (10) to twenty (20) hours each week, in practice, they worked far in excess. They routinely worked as many as thirty (30) to forty (40) hours per week. There were times when they worked even more.

58. Regardless of the number of hours they worked, Plaintiff and other Student Assistants were only permitted to report working the ten (10) or twenty (20) hours designated for their position on their time-sheets each week.

59. As a result, Plaintiff and other Student Assistants failed to receive at least the minimum wage for each hour of work.

60. There is no bona fide dispute that Plaintiff and other similarly situated employees are owed at least the federal minimum wage for each hour of work.

61. Defendant suffered and/or permitted Plaintiff and other Student Assistants to work multiple hours for which they were not paid the full minimum wage.

62. Due to Defendant's failure to pay Plaintiff and other Student Assistants for all hours worked, they also failed to receive proper overtime payments.

63. There is no bona fide dispute that Plaintiff and other similarly situated employees are owed overtime wages for all hours worked over forty (40) in a workweek.

64. Defendant suffered and/or permitted Plaintiff and other similarly situated employees to work over forty (40) hours in a workweek without receiving overtime wages.

65. Defendant was well aware of the excessive hours worked by Plaintiff and other Student Assistants. They worked directly alongside Defendant's supervisors, coaches and other upper management officials.

66. Defendant knew that Plaintiff and other Student Assistants customarily worked well in excess of the capped number of hours designated for their particular position each week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

67. Plaintiffs and other similarly situated employees work or worked as Administrative Student Assistants and Athletic Student Assistants (collectively, "Student Assistants") for Defendant. They were all employed to assist Stevenson University's faculty and staff members.

68. The FLSA requires employers to compensate non-exempt employees, such as Plaintiff and others similarly situated, with at least the full federal minimum wage for each hour of work and overtime wages for all hours worked over forty (40) within a workweek.

69. Defendant knew, or should have known, that Plaintiff and other similarly situated employees did not qualify for any exemption to the FLSA's minimum wage and overtime requirements.

70. Defendant knew, or should have known, that Plaintiff and other Student Assistants typically worked more hours than what they were scheduled.

71. Defendant suffered, permitted and/or required Plaintiff and other similarly situated employees to work hours of their schedule.

72. Defendant knew, or should have known, that Plaintiff and other similarly situated employees were entitled to at least the minimum wage for each hour of work.

73. Defendant knew that Plaintiff and other Student Assistants consistently worked over forty (40) hours per week.

74.     Defendant suffered, permitted and/or required Plaintiff and other Student Assistants to work more than forty (40) hours per week.

75.     Defendant knew, or should have known, that Plaintiff and other Student Assistants were entitled overtime pay for all hours worked over forty (40) in a workweek.

76.     Regardless of the number of hours they worked per week, Defendant only paid its Student Assistants in accordance with the number of hours designated on their schedules.

77.     Pursuant to the FLSA, Plaintiff commences this collective action against Defendant on behalf of herself and all those similarly situated.

78.     Plaintiff demands damages reflecting at least the minimum wage for each hour of work and overtime wages at overtime rate of not less than one and a half (1.5) times her regular rate of pay for all hours worked over forty (40) in any workweek within the applicable statute of limitations.

79.     Plaintiff makes these same demands on behalf of all members of the putative class.

80.     Plaintiff consents to be a party Plaintiff in this matter; Plaintiff's consent form is attached to this Complaint as Exhibit A.

81.     It is likely that other individuals will join Plaintiff during the litigation of this matter and file written consents to "opt in" to this collective action to recover unpaid wages and other available relief.

82.     There are numerous similarly situated current and former employees of Defendant that have been harmed by Defendant's common scheme to underpay its student workers and are therefore fit for membership in this collective group.

83.     These similarly situated persons are known to Defendant and are readily identifiable through Defendant's records.

84. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit as members of the collective class.

## CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

85. Plaintiff brings this action Pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and other current and former employees that served as Administrative Student Assistants and Athletic Student Assistants (collectively, "Student Assistants") for Defendant and were subject to the following practices and policies:

     i. Denial of at least the minimum wage under MWHL for each hour of work;

     ii. Denial of overtime wages under MWHL for hours worked over forty (40) in a single workweek; and

     iii. Denial of all wages owed to Plaintiff and other similarly situated Student Assistants at the termination of their employment, in violation of the MWPCL.

86. The classes Plaintiff seeks to represent are defined as:

### *MWHL Minimum Wage Class*

All Student Assistants who are or were employed by Defendant, while they were students, for any period ranging from three (3) years prior to the filing of this instant Complaint to the present and were subject to Defendant's uniform timekeeping and compensation policies.

### *MWHL Overtime Class*

All Student Assistants who are or were employed by Defendant, while they were students, for any period ranging from three (3) years prior to the filing of this instant Complaint to the present and were subject to Defendant's uniform timekeeping and compensation policies.

### *MWPCL Class*

All Student Assistants who were, but are no longer, employed by Defendant while they were students for any period ranging from three (3) years prior to the filing of this instant Complaint to the present and did not receive all wages owed to them before the termination of their employment.

87. *Numerosity*: The individuals in the class are sufficiently numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, on information and belief, the class includes dozens of employees who are readily identifiable through Defendant's pay records. Consequently, numerosity exists.

88. *Commonality*: There are questions of law and fact common to the classes. Among the common questions of law and fact applicable to Plaintiff and the classes are:

    i. Whether the MWHL Class is similarly situated because they all performed the same basic duties and were subject to Defendant's common policy and practice of not paying them at least the minimum wage for all hours worked and overtime wages for all hours worked over forty (40) in a work week; and

    ii. Whether Defendant failed to provide Plaintiff and other members of the MWPCL class with all wages due at the time their employment ended.

89. *Typicality*: Plaintiff's claims are typical of those of the classes. Each and every class member worked as a Student Assistant for Defendant. Each and every class member was only permitted to report working ten (10) to twenty (20) hours on their time-sheets each week, even if they worked more. As a result, each and every class member failed to receive all of the wages they were entitled to. Consequently, each and every class member suffered the same harm.

90. *Adequacy*: Plaintiff will fully and adequately protect the interests of the classes. She seeks the same recovery as the classes, predicated upon the same violations of law and damage theory. Plaintiff has also retained counsel who are qualified and experienced in the prosecution of

statewide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the classes.

91.     *Predominance*: The common issues of law and fact predominate over any individual issues. Each class member's claim is controlled by Maryland's wage and hour statutory scheme and one set of facts. Similarly, damages are eminently certifiable in that Defendant's records will provide the amount and frequency that each class member was paid.

92.     This action is maintainable as a class action. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes. This would establish incompatible standards of conduct for Defendant. If they were to pursue their claims separately, the numerous adjudications that would be required to protect the individual interests of the class members would constitute a considerable drain and burden on judicial resources.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### *Count I: Violation of the FLSA:  Failure to Pay the Minimum Wage*

93.     Plaintiff hereby fully incorporates in this Count all allegations contained within her Complaint.

94.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206, each employer shall pay wages at a rate that is no less than the federal minimum wage, currently amounting to seven dollars and twenty-five cents ($7.25) per hour.

95.     Plaintiff has not received compensation from Defendant reflecting the federal minimum wage rate for all hours worked.

96.     Defendant unlawfully failed to ensure that Plaintiff received at least the federal minimum wage rate for each hour of work.

97.     Defendant willfully and intentionally did not compensate Plaintiff and other Student Assistants for the total minimum amount of wages they were owed by unjustifiably requiring them to work unrecorded hours.

98.     There is no bona fide dispute that Plaintiff and other Student Assistants are not exempt from the minimum wage provisions of the FLSA for the work they performed for Defendant.

99.     Under the FLSA, Plaintiff and other Student Assistants are entitled to additional wages from Defendant for all hours worked at a rate of pay no less than the federal minimum wage.

### _Count II.  Violation of MWHL: Failure to Pay the Minimum Wage_

100.    Plaintiff hereby fully incorporates in this Count all allegations contained within her Complaint.

101.    Pursuant to Maryland Wage and Hour Law, Maryland Labor and Employment Code Ann. § 3-413, each employer shall pay wages at a rate that is the greater of the federal or state minimum wage.

102.    For the duration of Plaintiff's employment with Defendant, the Maryland minimum wage was greater than the federal minimum wage.

103.    Plaintiff has not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant.

104.    Defendant unlawfully failed to ensure that Plaintiff received at least the applicable minimum wage rate for each hour of work.

105.    Defendant willfully and intentionally did not compensate Plaintiff and other Student Assistants for the total minimum amount of wages they were owed by unjustifiably preventing them from recording all of their work hours.

106. There is no bona fide dispute that Plaintiff and other Student Assistants are entitled to the minimum wage provisions of MWHL for the work they performed for Defendant.

### Count III: *Violation of the FLSA: Failure to Pay Overtime Wages*

107. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

108. Plaintiff is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

109. As described above, Plaintiff has not received compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

110. Defendant willfully and intentionally failed to compensate Plaintiff properly for the overtime wages she is owed.

111. There is no bona fide dispute that Plaintiff is owed overtime wages for the work she performed for Defendant.

112. All members of the putative collective class are similarly situated to Plaintiff and have suffered the same harm.

113. Under the FLSA, Plaintiff and all members of the collective class are entitled to additional wages to compensate them for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times an employee's regular hourly wage rate.

### Count IV: *Violation of MWHL: Failure to Pay Overtime Wages*

114. Plaintiff hereby fully incorporates in this Count all allegations contained within her Complaint.

115.    Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times an employee's regular hourly rate.

116.    Pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

117.    Plaintiff has not received proper compensation from Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

118.    Defendant willfully and intentionally did not compensate Plaintiff for the overtime wages she is owed.

119.    There is no bona fide dispute that Plaintiff is owed overtime wages for work performed for Defendant.

120.    All members of the MWHL class are similarly situated to Plaintiff and have suffered the same harm.

121.    Under MWHL, Plaintiff and members of the MWHL class are entitled to additional wages for all overtime hours worked at a rate of one and one-half (1.5) times their regular hourly wage rate.

### *Count V*: *Violation of the MWPCL: Failure to Pay Wages Owed at the Termination of Employment*

122.    Plaintiff hereby fully incorporates in this Count all allegations contained within her Complaint.

123.    Plaintiff is entitled to wages under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§3-501, *et seq*., which provides that each employer shall pay

an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

124. In accordance with §3-505(a), Plaintiff has not received compensation from Defendant for all wages owed for work performed before the termination of her employment. This is specific to Defendant's failure to pay Plaintiff the minimum and overtime wages that she is entitled to.

125. All members of the MWPCL class are similarly situated to Plaintiff and have suffered the same harm. Similarly, Defendant also failed to properly compensate all members of the MWPCL class with the wages they are owed.

126. Under the MWPCL, there is no bona fide dispute that Plaintiff and the class are owed wages for the work they performed while employed by Defendant.

127. Defendant willfully and intentionally did not compensate Plaintiff and the class for the wages owed to them and continued to violate the MWPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and others similarly situated, prays for the following relief:

a) In accordance with 29 U.S.C. § 216(b), designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

b) In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a Maryland state law class action on behalf of Plaintiff and all members of the proposed classes;

c) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses and emails of all those individuals who are similarly situated and permitting Plaintiff to send notice of this action to all those similarly situated individuals;

d) Designating the named Plaintiff to act as class representative on behalf of all similarly situated employees for both the FLSA Collective class and the Maryland state law classes;

e) Judgment against Defendant for its failure to pay Plaintiff, those similarly situated and all those appropriately joined to this matter in accordance with the standards set forth by the FLSA;

f) Judgment against Defendant for its failure to pay Plaintiff and the members of the MWHL class in accordance with the standards set forth by MWHL;

g) Judgment against Defendant for its failure to pay Plaintiff and the members of the MWPCL class in accordance with the standards set forth by the MWPCL;

h) Judgment against Defendant and classifying its conduct as willful and not in good faith;

i) Judgment against Defendant and classifying Plaintiff, the collective and the classes as non-exempt employees entitled to protection under the FLSA, MWHL and the MWPCL;

j) An award against Defendant for the amount of unpaid minimum wages owed to Plaintiff, members of the collective, members of the MWHL class and all those appropriately joined to this matter for all hours worked;

k) An award against Defendant for the amount of unpaid overtime wages owed to Plaintiff, members of the collective, members of the MWHL and MWPCL classes and all those appropriately joined to this matter calculated at a rate that is not less than one and a half (1.5) times Plaintiff's and others' respective regular hourly rate for all overtime hours worked;

l) An award of liquidated or trebled damages equal to, or double, the total amounts of unpaid wages owed to Plaintiff, members of the collective, members of the classes and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

m) An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interest, to be satisfied in full by Defendant;

n) Leave to add additional Plaintiffs to all Counts alleged herein by motion, through the filing of written consent forms, or any other method approved by this Honorable Court; and

o) All further relief deemed just and equitable by this Honorable Court.

## **REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of her peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

*/s/ Benjamin L. Davis, III*
Benjamin L. Davis, III, Esq. (29774)
bdavis@nicholllaw.com
Kelly A. Burgy, Esq. (20758)
kaburgy@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:    (410) 244-8454

*Attorneys for Plaintiff*