**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| **GABRIELLA BROOKS** | |
| Plaintiff, | |
| v. | Civil Action No.: 1:19-cv-01159 |
| **STEVENSON UNIVERSITY, INCORPORATED** | |
| Defendant. | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT AUTHORIZED NOTICE**

Gabriella Brooks ("Plaintiff"), by and through her undersigned counsel, and the Law Offices of Peter T. Nicholl, hereby submits this Reply to Stevenson University, Inc.'s, ("Defendant") Opposition to her Motion for Conditional Certification and Court-Authorized Notice, and in support thereof, states as follows:

**INTRODUCTION**

Defendant's Opposition is merely an attempt to skew the standard applicable to the first stage of conditional certification. Defendant attaches declarations, allegedly from other student employees within Defendant's athletics department, as "exhibits." This is the first time Plaintiff has seen or has been made aware of these declarations. Notwithstanding, Defendant's submission of these declarations is inappropriate. The use and purpose of these declarations is for Defendant to create its own self-serving factual record. Through these declarations, Defendant improperly raises factual disputes and attacks Plaintiff's credibility. Defendant tries to twist the narrative of Plaintiff's deposition testimony entirely.

As Defendant should be aware, these arguments at this first stage of conditional certification are improper. Upon review of the supporting authorities from this Circuit and the substantive allegations made by Plaintiff, it is clear that she has *more* than met her burden at the first stage of conditional certification. This Honorable Court should grant conditional certification in full.

**ARGUMENT**

I.  **DEFENDANT'S ATTEMPTS TO UNDERMINE THE LEGAL STANDARDS APPLICABLE TO CONDITIONAL CERTIFICATION MUST BE REJECTED**

As stated by Plaintiff in her initial memorandum, and supported by all relevant authorities, at the initial conditional certification stage, the moving party (or parties) is only required to make a **modest factual showing** that she is similarly situated to the proposed class. *See Plaintiff's Memorandum in Support of Plaintiff's Motion for Conditional Certification and Court-Authorized Notice* (hereinafter, "*Pl.'s Mem.*") at 7-10 (ECF Doc. 30-1). For the Court to make its preliminary determination at the first stage of conditional certification, the Court must determine whether proposed class members are "similarly situated" or, in other words, whether they are "victims of a common policy or scheme or plan that violated the law." *Essame v. SSC Laurel Operating Co., LLC*, 847 F.Supp.2d 821, 824-25 (D. Md. 2012) (*citing Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp2d 762, 771 (D. Md. 2008); *Marroquin v. Canales*, 236 F.R.D. 257, 260 (D. Md. 2006)). In making this preliminary determination, the proposed class members must simply have a "manageable similarly factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." *Holland v. Fulenwider Enterprises, Inc.*, 2018 WL 700801, at *2 (W.D.N.C. 2018) (*quoting Kearns, The Fair Labor Standards Act*, § 18.IV.D.3 (1999)). The Court looks more toward the similarities between the legal issues to be decided rather than the factual issues. *Holland*, 2018 WL 700801, at *2 (*quoting DeLuna-Guerrero v. The North*

2

*Carolina Grower's Assoc.*, 338 F.Supp.2d 649, 654 (E.D.N.C. 2004)). The standard in making this preliminary determination is "fairly lenient" and "substantial allegations" are more than enough to demonstrate to the Court that potential class members were victims of the same policy. *Romero v. Mountaire Farms, Inc.,* 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) (citing *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001)).

When determining whether conditional certification should be granted, the Court ***does not*** "resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Holland*, 2018 WL 700801, at *2 (*citing Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2016 WL 1057038, at *6 (M.D.N.C. 2016)). Courts have made clear that these types of determinations are "inappropriate for the questions of conditional certification" and have routinely dismissed arguments similar to Defendant's as flawed for "delv[ing] too deeply into the merits of a dispute." *Essame*, 847 F.Supp.2d at 825-27.

Defendant's Opposition serves as a direct attempt to side-step the well-established rules governing conditional certification, asking this Court to make determinations that center on the factual circumstances regarding this matter and Plaintiff's credibility. *See Defendant's Opposition to Plaintiff's Motion for Conditional Certification and Court-Authorized Notice* (hereinafter, "*Def.'s Mem.*") (ECF Doc. 31). Defendant completely ignores the fact that cases from this Court and others in this Circuit have all declared that factual disputes and credibility challenges are not to be adjudicated at this juncture.

Plaintiff has met the threshold to have her proposed classes conditionally certified. Plaintiff has established that she and other students employed within Defendant's athletics department were subject to the same common policy or scheme. *Pl.'s Mem.* at 4-6, 13-15. Plaintiff has openly testified that she and other student workers in the athletics department were all forced

to underreport their hours in order to feign compliance with Defendant's university-wide policy regarding its student employees not working more than twenty (20) hours a week. *Id*. Plaintiff, in her deposition, describes in detail having to underreport her hours, regardless of the particular position she held in the athletics department. *Id.; Pl's Mem.,* Ex 1. She also testified that she *directly witnessed* the experiences of other student workers within the athletics department, who were also required to underreport their hours for the same reasons. *Id.*

Through her testimony, and as argued in her initial memorandum, Plaintiff has established that she and other Undergraduate Student Workers-Athletics were all paid the same, classified the same, and were all required to perform similar duties for purposes of supporting their assigned team or the athletics department in general. *Id.* at 11-14, 16. Plaintiff has also established that she and other Graduate Student Workers-Athletics were paid the same, classified the same, and performed similar duties. *Id.* at 12-17. In her deposition, Plaintiff identifies many of these other Undergraduate Student Workers-Athletics and Graduate Student Workers-Athletics (collectively, "student workers") by name. *Id.* at 2, 11-15, 18.; *Pl.'s Mem*., Ex 1. Plaintiff testified that she personally observed and discussed Defendant's unfair time recording scheme with these other student employees and in her deposition describes these observations and discussions in great detail. *Id*. These observations and discussions demonstrate clearly that Plaintiff and Defendant's other student employees had the same or similar employment experiences. Therefore, it is undeniable that Plaintiff is similarly situated to the members of the proposed classes.

II.   **DEFENDANT'S ATTEMPT TO DISCREDIT THAT PLAINTIFF HAS ESTABLISHED A COMMON POLICY AND/OR PLAN THAT VIOLATED THE FLSA IS WITHOUT MERIT**

Defendant claims that Plaintiff has not established a common plan and/or policy that has violated the FLSA. However, it is obvious that Plaintiff has. By way of her initial memorandum

and reliance upon the depositions of Plaintiff and Defendant therein, Plaintiff has clearly identified

Defendant's university-wide policy of not permitting its student employees to work over twenty

(20) hours in a single workweek. *Pl.'s Mem*. at 4, 15. This policy applied to both Undergraduate

Student Workers-Athletics and Graduate Student Workers-Athletics. *Id*. at 13-15. However,

Defendant has admitted that student employees often worked over twenty (20) hours a week—

including both Undergraduate Student Workers-Athletics and Graduate Student Workers-

Athletics. *Id.* at 5-6, 13-15. As such, the unlawful uniform policy or scheme of Defendant's athletic

department that Plaintiff has identified is the restriction on the number of hours that student

workers could record on their timesheets. *Id.* Through the pleadings and her testimony, Plaintiff

has affirmed that just like her, other student employed by Defendant in its athletics department

were not permitted to record over twenty (20) hours a week, despite the fact they were working

additional hours without pay. *Id.* This policy or scheme represents a clear violation of the FLSA.

This policy or scheme is supported by Defendant's own handbook. *See* Rowland Dep., Ex.

1 (ECF Doc. 30-4). Although the handbook states that students were restricted from working more

than twenty (20) hours per week, as Defendant has already admitted, students within the athletics

department often did. *Id*.; *see also Id.* at 13-14.

At her deposition, Plaintiff also testified under oath that her supervisors often made

statements about Defendant's time recording restrictions and that she discussed these restrictions

with other student workers within the athletics department. *Id.* at 13-15; *Pl.'s Mem.*, Ex 1. (ECF

Doc. 30-1) The timesheets reviewed during the depositions also confirm the unlawful restrictions

at issue.[1][2] This information, combined with the testimony from both parties, confirm that Plaintiff

---

[1] *See e.g.* Adams Dep., Ex. 7 (ECF Doc. 30-3). Emphasis on "supervisor comments."
[2] Even if one were to consider the timesheets attached to Defendant's Opposition, it is evident that Plaintiff's timesheets were closely monitored and often edited. Comments such as "correct per our conversation," "no Tuesday either," and "please correct" were made by *different* supervisors and were applicable to *different* positions that Plaintiff

and other Undergraduate Student Workers-Athletics and Graduate Student Workers-Athletics performed the same tasks, were paid the same way and were subject to the same common policy or scheme that violated the FLSA. *See generally Pl.'s Mem*. Plaintiff has more than demonstrated a modest factual nexus between her experience and the experiences of Defendant's other student employees. All student employees with Defendant's athletic department were all subject to this scheme.

### A.  Defendant's Attempts To Raise Facutal Disputes Must Be Ignored

Defendant's Opposition is heavily devoted to trying to factually distinguish Plaintiff's positions and experiences from those of other student workers within the athletics department in hopes that this Court will believe they were not similarly situated and/or subject to the same unlawful policy.  For instance, Defendant submits four (4) self-serving declarations and cites to these declarations as "facts" throughout its argument in an attempt to raise factual disputes which, in Defendant's view, make conditional certification "improper" due to the supposed need for "individual inquiries." *See generally Def.'s Mem.*

Unfortunately for Defendant, its declarations are completely irrelevant at this stage. This "evidence" is not considered at the conditional certification stage. At this stage, the Court does not review the substance of Plaintiff's allegations, but merely makes a preliminary determination as to whether Plaintiff is similarly situated to other proposed class members. *Romero*, 796 F. Supp. 2d at 705.  The Court does not assess factual variances on the merits at this step in the conditional certification process. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 571–72 (D. Md. 2012); *Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 303 (W.D.N.C. 2013). Similar to this matter,

---

held within the athletics department. Moreover, for the pay period ending December 17, 2016, the hours Plaintiff originally entered on her timesheet do not appear as shown, which is evidenced by the alternative entries and comments. These timesheets only further substantiate Defendant's unlawful policy of preventing its student employees from recording more than twenty (20) hours on their timesheets each week. Plaintiff has made clear that this policy applied to all student employees in the athletics department.

in *Butler*, the defendant attempted to use an expert report and declarations from other employees to discredit the plaintiffs' arguments. *Id*. The Court held that these attempts were "unavailing," in that attempting to adjudicate alleged factual disputes at the conditional certification stage was inappropriate. *Id.* Further, this Court held that just because a factual dispute is raised, it does not undermine a plaintiff's ability to establish that a class exists. *Id*. (quoting *Quinteros,* 532 F.Supp.2d at 772.) Similarly, Defendant's argument regarding the nature of the classification of Graduate Student Workers-Athletics as exempt is inappropriate at this stage. Defendant is again attempting to have the Court adjudicate the merits or facts of this action, which cannot be done at the conditional certification stage. *Long*, 292 F.R.D. at 302 n.14. ("it is not appropriate for the Court to address the merits of this case at the motion for conditional certification phase").

Defendant also mistakenly attempts to raise the rigor of the term "similarly situated." Defendant completely ignores that courts within the Fourth Circuit have readily declared that proposed class members' situations "need not be identical" and "insubstantial differences in job duties, hours worked, [*etc*.]" will not sway a determination that class members are similarly situated. *LaFleur v. Dollar Tree Stores, Inc.*, 30 F. Supp. 3d 463, 468 (E.D. Va. 2014). Rather than follow these clear authorities, Defendant instead relies wholly on its own declarations to attempt to create distinctions from Plaintiff's allegations; albeit, distinctions that are insubstantial. For instance, Defendant attempts to create distinction by highlighting specific duties that other student workers would allegedly perform or not perform for their assigned team (i.e. team laundry). *Def.'s Mem*. Ex. 8-12 (ECF Docs. 31-2 to 31-5) From this, it is simply clear that Defendant is simply grasping at straws in hopes of portraying that Plaintiff is not similarly-situated to the proposed classes.

**B.  Defendant's Repeated Attacks on Plaintiff's Credibility are Improper**

In addition to their numerous attempts to raise improper factual disputes, Defendant's Opposition also goes to great lengths to attack Plaintiff's credibility. This attack on Plaintiff's credibility is not a new tactic; Defendant's Counsel outrageously referred to Plaintiff as a "liar" on the record at the deposition of Defendant's corporate designee. *See* Adams Dep., 54:212-54:213 (ECF Doc. 30-3). Defendant belittled Plaintiff when she was an employee and continues to do so in this action, despite the fact that Plaintiff's credibility is not pertinent at this stage.

Defendant also attempts to use the declarations from other student workers to discredit Plaintiff's account of her employment, going as far as to have these declarants state that they disagree with Plaintiff's testimony and again citing to these declarations throughout its Opposition. *Def.'s Mem.* Ex. 8-12 (ECF Docs. 31-2 to 31-5). Additionally, Defendant attempts to identify inconsistencies in Plaintiff's testimony, citing to alleged discrepancies between Plaintiff's prior testimony at a workers' compensation hearing, where she also testified of having to underreport her hours during her employment with Defendant. *Id.* at 3.

However, in line with its other arguments, Defendant again ignores the applicable legal standards surrounding conditional certification. It is well-settled that at the conditional certification stage, courts do not make credibility determinations in regard to a plaintiff's testimony. *See* Butler, 876 F. Supp. 2d at 571; *Essame,* 847 F.Supp.2d at 825. Therefore, similar to the improper factual differences that Defendant attempts to rely upon, Defendant's attacks on Plaintiff's credibility must also be ignored.

### III.    PLAINTIFF PROPOSED COURT-AUTHRORIZED NOTICE AND METHODS SHOULD BE APPROVED

Defendant has **not** noted any objections or opposition to the proposed forms of notice requested by Plaintiff.  Therefore, this Court should adopt all of Plaintiff's requests with respect to said notice.

Defendant tries to cast a negative inference into the fact that no other Undergraduate Student Workers-Athletics and Graduate Student Workers-Athletics have joined Plaintiff in this action. However, this is the very reason why Plaintiff is seeking assistance from this Court. Plaintiff does not have the contact information for every student worker whom she encountered during her tenure. Of the student workers that Plaintiff has spoken with regarding this lawsuit, those student workers have indicated trepidation in joining due to potential effects on their careers within the collegiate and professional athletics industry. *See* Declaration of Gabriella Brooks, attached hereto as **Exhibit #1**. Defendant's declarations also make clear that it has been contacting this same group of proposed class members for opposing statements. Naturally, this could also be a cause for confusion and further discouragement amongst the potential class, as acknowledged by Plaintiff in her declaration. These factors further necessitate the need for all potential class members to receive court-authorized notice. The remedial nature of the FLSA further confirms this conclusion.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Conditional Certification and Court-Authorized Notice should be granted in its entirety.

Respectfully submitted,

 /s/ *Benjamin L. Davis, III*
Benjamin L. Davis, III (29774)
bdavis@nicholllaw.com
Kelly A. Burgy (20758)
kaburgy@nicholllaw.com
Molly A. Nicholl (21087)
manicholl@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No. (410) 244-7005

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 10th day of January, 2020, this Reply to Defendant's Opposition to Plaintiff's Motion for Conditional Certification and Court-Authorized Notice was filed and served by way of notice through this Court's electronic filing system upon Counsel for Defendant:


Suzzanne W. Decker (Bar No. 24007)
Jeffrey T. Johnson (Bar No. 19876)
100 Light Street
Baltimore, Maryland 21202
Phone: (410) 727-6464
Fax: (410) 385-3700
sdecker@milesstockbridge.com
jtjohnson@milesstockbridge.com

*Attorney for Defendant Stevenson University*


/s/ *Benjamin L. Davis, III*
Benjamin L. Davis, III
