# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GABRIELLA BROOKS, | * |
| Plaintiff, on behalf of herself and others similarly situated, | * |
| v. | * Civil Case No. SAG-19-1159 |
| STEVENSON UNIVERSITY, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Gabriella Brooks ("Brooks") filed this action against Defendant Stevenson University, Inc. ("Stevenson"), alleging underpayment of wages. Currently pending is Brooks's Motion for Conditional Certification and Court-Authorized Notice ("the Motion"), ECF 30. I have reviewed the Motion, along with Stevenson's Opposition, ECF 31, and Brooks's Reply, ECF 32. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Brooks's Motion will be granted in part and denied in part.

Brooks brings her claims under the Fair Labor Standards Act (" FLSA"), which permits a plaintiff to maintain a collective action against her employer. *See* 29 U.S.C. § 216(b). Specifically, that subsection provides, in relevant part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* Essentially, then, Section 216(b) "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008).

"Determinations of the appropriateness of conditional collective action certification and court-facilitated notice are left to the court's discretion." *Syrja v. Westat, Inc.*, 756 F.Supp. 2d 682, 686 (D. Md. 2010). Typically, there are two stages to the certification of a FLSA collective action: (1) the conditional certification/notice stage and (2) the decertification stage. *See Butler v. DirectSAT USA, LLC,* 876 F. Supp. 2d 560, 566 (D. Md. 2012). In the first stage, which is the one presented here, "the court makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members would be appropriate." *Id.* (citation omitted). To permit a finding that potential class members are similarly situated, plaintiffs "need only make a relatively modest factual showing" at the notice stage. *Id.*; *see also Calderon v. Geico General Ins. Co.,* Civil No. RWT-10-1958, 2011 WL 98197, at *3 (D. Md. Jan. 12, 2011) ("Because the court has minimal evidence [at this stage], this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class.") (internal citations omitted). Plaintiffs can make their modest factual showing by relying on "'[a]ffidavits or other means,' such as declarations and deposition testimony." *Butler,* 876 F. Supp. 2d at 567 (quoting *Williams v. Long*, 585 F. Supp. 2d 679, 684-85 (D. Md. 2008)).

In this case, Brooks seeks certification of two classes, "Undergraduate Student Worker-Athletics," and "Graduate Student Worker-Athletics." ECF 30. Her factual showing is confined to her own testimony, because she has not submitted any declarations, affidavits or testimony from other student employees to corroborate her assertions that others were not paid for hours they

worked. The other two deposition transcripts she has submitted are those of Stevenson employees who deny any underpayment of student wages, despite acknowledging that students can work more than the target 20 hours per week. *See, e.g.,* ECF 30-4 at 32:4-5 (Rowland Depo.) ("We want them to stay 20 [hours] or less. If they work over that,then we'll pay them for that."); ECF 30-3 at 49:10-11 (Adams Depo.) ("I have not, in my 25 years, witnessed anyone who worked and did not get paid."); ECF 30-3 at 61:3-4 ("[I]t's not a rare occurrence for students to have worked over 20 hours."). Brooks clearly testified that she worked more than 20 hours, at least occasionally, and testified that each of her supervisors instructed her to underreport her hours, to varying degrees. *See* ECF 30-2 (Brooks Depo.) at 44:14, 76:9-21, 73:16-20  Brooks also described observing other student coordinators who worked more than 20 hours, and occasionally testified that those other coordinators were not receiving pay for their work. *See, e.g., id.* at 59:18-61:9. Thus, as to the undergraduate positions held by Brooks, athletic receptionist and student coordinator, Brooks's testimony suffices to meet the "modest factual showing" required for conditional certification and court-approved notice.

Brooks seeks, however, to define the putative class to include all undergraduate student employees in the athletics department. That class is overbroad. In order to establish a common policy for purposes of conditional certification, a plaintiff must prove that a class of similarly situated employees "had duties similar to the Plaintiff" and "were subjected to a similar working hour requirement." *See Brianas v. Under Armour Inc.,* 2018 WL 2184448, at *3–5 (D. Md. May 11, 2018). The record before the Court includes the list of positions held by undergraduate students in the athletics department. ECF 31-1, Exh. B at 56-59. The titles of many of those positions reflect very different work conditions and job duties than might be experienced by an athletics receptionist, or a student coordinator who essentially manages a particular sports team. *See id.*

3

(listing the various job categories to include "broadcast video," "game day video," "game day worker," "mascot," and "student assistant – fitness center"). The question of whether those student employees are "similarly situated" to Brooks is critical. The modest factual showing Brooks has provided warrants only a finding that other students serving as an athletics receptionist, or as student coordinators for the various sports teams, are properly included in the putative class. Even without affidavits from these individuals, Brooks's testimony constitutes a modest factual showing. *See* ECF 30-2 at 24:2-20 (testimony about another student who worked "probably, like, 60 to 80 hours per week" as a manager/coordinator for another team); 50:1-20 (testimony about a student who filled in as coordinator and did not understand why she did not get paid for all her hours); 63:9-21 (testimony about a laundry and equipment coordinator who worked more than 20 hours per week). On the other hand, Brooks has made no factual showing to suggest that students filling *other* positions within the athletics department have similar hours, duties, or job demands. While "insubstantial differences in job duties" do not defeat conditional class certification, *LaFleur v. Dollar Tree Stores, Inc.,* 30 F.Supp.3d 463, 468 (E.D. Va. 2014), the difference in duties between a team manager and a mascot cannot be described as insubstantial, and Brooks offers no factual showing to suggest similarity.

With respect to Graduate Student Worker-Athletics, according to ECF 31-1 at 59, it appears that each position is the same "Graduate Assistant" position held by Brooks, even though the employees coach for different teams. While mindful of Stevenson's contention that different Graduate Assistants may work different numbers of hours, as required by the head coach for their individual sports, the question of whether the "assistant coaching"-type positions are properly classified as exempt is uniform to the proposed class. Moreover, the job differences between assistant coaches for different sports are unlikely to be substantial enough to justify denial of

4

conditional certification, and Brooks testified about a number of other Graduate Assistants working well over 20 hours per week in their respective roles. *See, e.g.,* ECF 30-2 at 40:1-41:15; 72:18-73:16; 80:17-83:8. Brooks has made the requisite "modest factual showing" in order to conditionally certify this proposed class.

Conditional certification, as noted above, does not end the inquiry. Defendants will have the opportunity, following notice and discovery, to decertify the class. "In the second stage, following the conclusion of discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is [in fact] similarly situated in accordance with the requirements of § 216, and renders a final decision regarding the propriety of proceeding as a collective action." *Syrja,* 756 F. Supp. 2d at 686 (internal quotations and citations omitted). Defendants, through counsel, will be able to contest certification at that stage.

Turning to the draft notice Brooks supplied to the Court, some changes will need to be made to adjust for the rulings made herein. In addition, the draft opt-in consent form Brooks supplied, ECF 30-8, suffers from a numbering flaw. Brooks will be ordered to submit an appropriately revised draft notice and opt-in form for Court approval.

**CONCLUSION**

For the reasons set forth above, Brooks's Motion for Conditional Certification will be GRANTED in part and DENIED in part. A separate Order follows.


Dated: January 16, 2020 /s/
Stephanie A. Gallagher
United States District Judge