DocuSign Envelope ID: 1503C73B-758C-4260-A52F-1BB447191574

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| GABRIELLA BROOKS<br><br>Plaintiff,<br><br>*Individually and on Behalf of All Similarly Situated Employees*<br><br>v.<br><br>STEVENSON UNIVERSITY, INC.<br><br>Defendant. | Case No: 1:19-cv-01159-SAG |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement (the "Agreement") is entered into by and between Gabriella Brooks, Taylor Lyles, Emma Robinson, and Jessica Fritsche ("Plaintiffs") and Stevenson University, Inc. ("Defendant") (hereinafter, collectively, the "Parties"), subject to approval by the Court.

**WHEREAS**, the Plaintiffs filed a Class and Collective Action Complaint ("Complaint") in the United States District Court for the District of Maryland, docketed at Case No: 1:19-cv-00069-JMC, asserting claims against Defendant for violations of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL") for alleged failure to pay Plaintiffs minimum and overtime wages (the "Litigation");

**WHEREAS**, Defendant denies all of the allegations made by Plaintiffs in the Litigation and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the Litigation pursuant to the terms and conditions set forth in this Agreement, to avoid the burden and expense of continuing the Litigation; and

**WHEREAS**, Counsel has analyzed and evaluated the merits of the claims made against Defendant in the Litigation, and the impact of this Agreement on the Plaintiffs, and based upon an analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, Plaintiffs and Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of all Plaintiffs.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties

**Exhibit A**

agree to a full and complete settlement of the Litigation on the following terms and conditions.

## DEFINITIONS

1. As used in this Settlement Agreement, the following terms shall have the following meanings:

    a. "Counsel" or "Plaintiffs' Counsel" means the Law Offices of Peter T. Nicholl.

    b. "Effective Date" means the date of final approval of this Settlement Agreement by the Court (the "Final Approval Order").

    c. "Gross Settlement Amount" means Two Hundred Four Thousand Five Hundred Dollars ($204,500.00), which is the maximum amount that Defendant has agreed to pay to fully resolve and settle this Litigation.

    d. "Released Parties" means (i) Defendant; (ii) any subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendant; and (iii) any current or former officer, director, owner, agent, representative, employee or shareholder of an entity referenced in this paragraph.

    e. "Settled Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities for alleged wages, compensation, liquidated or other damages, losses, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, expenses, restitution or other compensation, and relief, whether known or unknown, which were asserted, or could have been asserted in this Litigation against the Released Parties (and their agents, successors, assigns, heirs, executors or administrators), except claims by Gabriella Brooks for Worker's Compensation which are currently pending. The parties expressly acknowledge and agree that the "settled claims" shall exclude (1) the rights and obligations contained in or provided for under this Agreement; (2) any right or entitlement that you are not allowed by applicable law to waive or release; (3) any right to file, cooperate in or participate in a charge, complaint or proceeding with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal state or local governmental agency or commission ("Government Agencies); and (4) any Claim that may arise only after the execution of this Agreement. This Agreement does not limit the parties' ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to the parties. The parties acknowledge and agree that should any administrative agency or third party pursue any claims on their behalf, they waive the right to any individual monetary recovery; except that this provision does not limit the ability to recover monies pursuant to the Security and Exchange Commission's (SEC's) whistleblower incentive award program.

2

f. "Settlement Agreement" means this Agreement and all Exhibits attached to it.

g. "Settlement Award" means the gross payment that each Plaintiff shall be entitled to receive pursuant to the terms of the Settlement Agreement.

## RELEASES

2. <u>Release</u>: It is hereby agreed, by and between the Plaintiffs, and Defendant, through their counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, that upon entry of a final order approving this Settlement:

Each Plaintiff shall be deemed to have jointly and severally released and discharged the Released Parties from any and all Settled Claims.

## MOTION

3. <u>Motion for Settlement Approval:</u> Within five (5) business days after the execution of this Agreement, the Parties will file with the Court a Motion for Approval of the Settlement Agreement.

After entry of an Order approving the Settlement, the Court shall have continuing jurisdiction for purposes of addressing: (1) settlement administration matters; and (2) such post-Settlement matters as may be appropriate under Court rules or as set forth in this Settlement Agreement.

## SETTLEMENT FUNDS AND AWARD CALCULATION

4. <u>Payments</u>. Subject to the Court approval and for purposes of effectuating this Settlement Agreement, the following amounts shall be paid from the Gross Settlement Amount:

a. <u>Attorneys' Fees and Costs</u>.

(i) Subject to the Court's approval upon consideration of Counsel's request for approval of attorneys' fees and costs within the Motion for Settlement Approval, Counsel's attorneys' fees and costs shall be one hundred fifteen thousand five hundred dollars ($115,500.00), which will compensate Counsel for work already performed in this Litigation, as well as all of the work remaining to be performed in this Litigation, including, but not limited to, drafting all settlement documents, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Litigation.

(ii) The Defendant will pay Counsel pursuant to the Court's Order approving Attorneys' Fees and Costs within ten (10) business days of the Settlement Approval.

(iii) The attorneys' fees and costs paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any

person, attorney or law firm for attorneys' fees or costs in this Litigation on behalf of any Plaintiff, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of any Plaintiff.

    b.  <u>Settlement Awards</u>

      (i)  The Settlement Awards attributable to each Plaintiff will be as follows: Sixty-five thousand dollars ($65,000.00) will be paid to Plaintiff Brooks, eight thousand dollars ($8,000.00) will be paid to Plaintiff Lyles, eight thousand dollars ($8,000.00) will be paid to Plaintiff Robinson, and eight thousand dollars ($8,000.00) will be paid to Plaintiff Fritsche.

      (ii)  All Settlement Awards shall be paid by the Defendant to Counsel within ten (10) business days of final approval by the Court.

      (iii)  The Parties agree that fifty percent (50%) of each Settlement Award shall be treated as back wages paid by Defendant. Defendant will process this wage portion of the Settlement Award through its payroll service, withholding required amounts for federal and applicable state income and employment tax, FICA and FUTA. The remaining fifty percent (50%) of each Settlement Award shall be paid by separate check, treated as non-wage damages to be reported by the Plaintiffs on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall provide all IRS Form 1099s and IRS Form W-2s to Plaintiff in accordance with the Settlement Awards.

      (iv)  Plaintiffs agree and acknowledge that they shall be solely responsible for all taxes, assessments, interest, and penalties determined to be due by any federal, state or local government, agency or any other tax authority, court or tribunal, in connection with any payment or payments made directly to them pursuant to this Agreement, including, but not limited to, any federal, state, and local withholding taxes, and Social Security taxes.

      (v)  All checks for Settlement Awards shall be delivered to Counsel and remain valid and negotiable for one hundred twenty (120) days from the date of their issuance, and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.

   5.  <u>No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement</u>. No person shall have any claim against Defendant or any of the Released Parties, or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

   6.  <u>Remaining Monies</u>. The Parties agree that if, at the conclusion of the one hundred and twenty (120)-day check void period, if there are any monies not distributed or claimed by Plaintiffs, those monies shall revert back to Defendant.

## **DISPUTE RESOLUTION**

7. Except as otherwise set forth herein, all disputes concerning the administration, interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

    a. If a Party at any time believes that another Party has breached or acted contrary to the Settlement Agreement, that Party shall notify the other Party in writing of the alleged violation, and such notification must be made within ten (10) days that the notifying Party knew or should have known of the alleged violation.

    b. Upon receiving notice of the alleged violation or dispute, the responding Party shall have ten (10) days to correct the alleged violation and/or respond to the initiating Party with the reasons why the Party disputes all or part of the allegation.

    c. If the response does not address the alleged violation to the initiating Party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) days to resolve their differences.

    d. If the Parties are unable to resolve their differences after the meet and confer process set forth above, either Party may file an appropriate motion for enforcement with the Court.

## EFFECT OF DISAPPROVAL OF SETTLEMENT

8. In the event that the Court fails to approve the Settlement and/or this Agreement, the Parties (a) will attempt in good faith to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated Settlement and Agreement with the intent to submit at least one (1) renegotiated settlement to the Court, provided, however, the Parties agree that any renegotiated settlement will not alter the Gross Settlement Amount; and (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement or Agreement. In the event reconsideration and/or appellate review is denied, or the Parties' mutually agreed-upon settlement modification(s) is not approved, and the Parties decide to forego further negotiation of a settlement, the Litigation will proceed as if no settlement had been attempted. In that event, nothing in the Settlement or Agreement may be used by or against any Party under Rule 408 of the Federal Rules of Evidence.

## MISCELLANEOUS

9. <u>Various Proceedings Stayed</u>. The Parties agree to stay all proceedings in the Litigation, except such proceedings as may be necessary to implement and complete the Settlement Agreement.

10. <u>No Admission of Liability</u>. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant of any fault or liability or wrongdoing.

5

11. **Amendment or Waiver Only in Writing.** Subject to Court approval, this Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest. No rights hereunder may be waived except in writing.

12. **Complete Agreement.** This Settlement Agreement and attached exhibits set forth the complete agreement between the Parties relating to the Settlement, and any and all payments or obligations owed by Defendant the Plaintiffs, Counsel, or anyone else in connection with this Litigation.

13. **Non-Disparagement.** The Parties agree that, as a condition of this settlement, no party shall disparage any other party.

14. **Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate.** Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement, and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

15. **Binding Upon Successors and Assigns.** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties.

16. **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Maryland.

17. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, and by facsimile or email. All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect, and shall be as legally binding and enforceable as the original.

18. **Construction.** The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this Collective Action and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors. This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

19. **Retention of Jurisdiction.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement, and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing

the settlement embodied in this Agreement, and all orders and judgments entered in connection therewith.

20. <u>Titles and Captions of No Force</u>. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of this _29_ day of __June____, 2020:

PLAINTIFFS:                                          DEFENDANT:

_____                              _____
Gabriella Brooks                                     Stevenson University, Inc.


_____
Taylor Lyles


_____
Emma Robinson


_____
Jessica Fritsche