IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| **GABRIELLA BROOKS**<br><br>   Plaintiff,<br><br>*Individually and on Behalf of All Similarly Situated Employees*<br><br>v.<br><br>**STEVENSON UNIVERSITY, INC.**<br><br>   Defendant. | Case No: 1:19-cv-01159-SAG |

## ORDER GRANTING THE PARTIES' JOINT MOTION
## FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs Gabriella Brooks, Taylor Lyles, Emma Robinson, and Jessica Fritsche ("Plaintiffs") and Defendant Stevenson University, Inc. ("Defendant") (hereinafter, collectively referred to as "the Parties") have provided the Court with sufficient information to conclude that Plaintiffs have been afforded complete relief on their respective Fair Labor Standards Act ("FLSA") claims. Complete relief renders a case moot, as recognized in *Genesis Healthcare Corp. v. Symcyk*, 133 S.Ct. 1523 (2013).

The settlement agreement represents a fair and reasonable resolution of a *bona fide* dispute under the FLSA. *See Dees v. Hydradry, Inc., et al.*, 706 F. Supp. 2d 1227 (M.D. Fla. April 19, 2010); *Schulte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). The settlement terms also satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23. *See Singleton v. Domino's Pizza, LLC*, 2013 WL 12246357, at *2 (D. Md. May. 13, 2013).

The Court finds that the settlement was the product of arms' length negotiations between Counsel for the Parties, who are experienced in the field of FLSA litigation.

The attorneys' fees and costs to be paid under the settlement agreement are separately stated and Counsel have provided sufficient information to permit the Court to conclude that the fees and costs represent payments for amounts actually incurred at a reasonable hourly rate. The amount for fees and costs bear a reasonable relationship to the amount being paid to Plaintiffs under the Agreement.

It is, therefore, **ORDERED** that the Parties' settlement agreement is **APPROVED** and this action and Plaintiffs' claims are dismissed **WITH PREJUDICE** except that the Court expressly retains jurisdiction to enforce the settlement which has been approved by the Court. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673 (1994).

SIGNED THIS   9th   DAY OF July, 2020

_____
The Honorable Judge Beth P. Gesner